Andrew Reichardt, Utah Bar # 11343
Attorney for Justin P.
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JUSTIN P., | )<br>)<br>) |
| Plaintiff, | ) **ERISA COMPLAINT**<br>) |
| v. | )<br>) Civil Action No. |
| WESTECH ENGINEERING, INC. WELFARE BENEFITS PLAN, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Justin P., through his undersigned counsel, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought under 29 U.S.C. §§1132(a), (c), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331, as this action involved a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee

1

benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Venue is proper within the Northern District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Plaintiff Justin P. ("Plaintiff") is a resident of Davis County, State of Utah.

4. Plaintiff was at all times relevant a participant under the Westech Engineering, Inc. Welfare Benefits Plan (the "Plan"), an employee welfare benefit plan regulated by ERISA, pursuant to which Plaintiff and his minor son M.P. were entitled to health benefits.

5. Defendant Westech Engineering, Inc. Welfare Benefits Plan is an ERISA benefit plan with its principal place of business in Salt Lake City, Utah.

6. UMR administered health benefits under the Plan.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

7. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

8. In 2021, M.P. was a 14-year-old with diagnoses of major depressive disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder. M.P. had a history of depression beginning at age 5 and he first verbalized suicidal intent and plan at age 10.

9. M.P. attempted outpatient mental health therapy for several years and attempted two admissions for intensive outpatient treatment ("IOP").

10. In September 2020, M.P. admitted to IOP at the University of Utah Huntsman Mental Health Institute ("Huntsman") due to a danger of harm to himself and inability to function in a less restrictive setting.

11. In November 2020, M.P. discharged from Huntsman due to Defendant's denial of health benefits.

12. M.P. developed new mental and behavioral health issues which significantly worsened upon discharge from Huntsman:

- Development of more frequent suicidal ideations with a plan and means (reports intent to ingest fatal amounts of medications if left unattended with access).
- Increase in self harm behaviors, including cutting his arms and legs with a variety of objects.
- Running away from home and other impulsive behaviors.
- Worsening depression/anxiety not responding to general outpatient or intensive outpatient services.
- Unwillingness to participate in hygiene, social, academic, or family activities.
- Loss of appetite, weight loss, and extreme fatigue.
- Disordered sleep patterns and mood dysregulation.

13. Huntsman recommended that M.P. receive treatment at a more intensive program than IOP.

14. M.P.'s parents contacted more than a dozen in-network providers requesting treatment for M.P. M.P.'s mother submitted to UMR a spreadsheet documenting the facilities contacted, the date, time of telephone call, length of telephone call, and information obtained. M.P.'s mother made 116 telephone calls, totaling 18 hours on the telephone, to in-network providers to attempt to receive treatment for her son. No UMR in-network providers were available or willing to provide treatment for M.P.

15. M.P.'s parents located an out-of-network provider, Therapy Associates, which had the appropriate expertise, availability for partial hospitalization treatment (day treatment), and would accept M.P. as a patient.

16. Plaintiff requested that UMR agree to a single case agreement for Therapy Associates due to UMR's network inadequacy. After more than 60 telephone calls to UMR,

UMR denied the request for the single case agreement. UMR did not provide the denial in writing.

17. Despite these setbacks, Plaintiff arranged for a third-party network provider, MultiPlan, to provide an agreed rate of benefits between Therapy Associates and UMR.

18. On September 10, 2021, UMR denied benefits for M.P.'s partial hospitalization on the basis that M.P. did not have suicidal ideation and IOP treatment "could be considered."

19. On November 23, 2021, Plaintiff appealed the denial of benefits for M.P.'s partial hospitalization treatment at Therapy Associates and provided a letter from Huntsman recommending a more intensive treatment than IOP due to M.P.'s suicidal ideation. Huntsman provided M.P.'s treatment records to UMR in connection with the claim and appeal.

20. UMR did not respond to the appeal.

21. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

    a. Failure to pay medical benefit payments due to Plaintiff at a time when the Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

    b. Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claims for medical benefits;

    c. After the claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claims, along with an explanation of why such material is or was necessary; and

    d. Failure to pay for the level of care which was medically necessary; and

    e. Failure to properly and adequately investigate the merits of the claims and/or to provide alternative courses of treatment.

22. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully

denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and of which Plaintiff will immediately make the Defendant aware once said acts or omissions are discovered by Plaintiff.

23. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and performed all duties and obligations on his part to be performed.

24. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of the medical bills incurred for his son's treatment in the amount of $196,800.

25. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. §1132(g)(l), Plaintiff is entitled to have such fees and costs paid by Defendant.

26. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

27. Plaintiff refers to and incorporates by reference the foregoing paragraphs as though fully set forth herein.

28. As a direct and proximate result of the failure of Defendant to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. §1132(a)(l)(B) and/or (a)(3):

    f.    Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate;

g. A mandatory injunction requiring Defendant to immediately qualify Plaintiff for medical benefits due and owing under the Plan; and

h. Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

4. For such other and further relief as the Court deems just and proper.

Dated this 20th day of July, 2022.   Respectfully Submitted,
　　　　　　　　　　　　　　　　　　ANDREW REICHARDT
　　　　　　　　　　　　　　　　　　ATTORNEY FOR PLAINTIFF


　　　　　　　　　　　　　　BY:　　  /s/ Andrew Reichardt
　　　　　　　　　　　　　　　　　　Andrew Reichardt (#11343)
　　　　　　　　　　　　　　　　　　The Law Office of Andrew Reichardt, PLLC
　　　　　　　　　　　　　　　　　　5330 South 900 East, #115
　　　　　　　　　　　　　　　　　　Salt Lake City, UT 84117
　　　　　　　　　　　　　　　　　　Phone: (801) 261-3400
　　　　　　　　　　　　　　　　　　Fax: (801) 261-3535
　　　　　　　　　　　　　　　　　　E-mail: andrew@utdisability.com